[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2005
THOMAS K. KAHN
CLERK

No. 02-11303

D. C. Docket No. 01-01866-CV-PT-S

RODERICK JACKSON,

Plaintiff-Appellant,

versus

BIRMINGHAM BOARD OF EDUCATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

(July 12, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before DUBINA, MARCUS and GOODWIN\*, Circuit Judges.

PER CURIAM:

---

\*Honorable Alfred T. Goodwin, United States Circuit Judge for the Ninth Circuit, sitting by designation.

On March 29, 2004, the Supreme Court of the United States, pursuant to a petition for a writ of certiorari and response thereto, rendered its opinion vacating this Court's opinion in Jackson v. Birmingham Bd. of Educ., 309 F.3d 1333 (11th Cir. 2002), and remanding the cause to us for further consideration. See Jackson v. Birmingham Bd. of Educ., ---, U.S. ---, 125 S. Ct. 1497 (2005).

In our prior, now-vacated opinion, we affirmed the district court's dismissal of the Plaintiff's complaint, in which he alleged that the Defendant retaliated against him in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 et seq., and the regulations implementing it.  Based on our review of the text and structure of Title IX, we found no implied private cause of action in favor of individuals who, although not themselves the victims of gender discrimination, suffer retaliation because they have complained about gender discrimination suffered by others.   Accordingly, we affirmed the dismissal of Plaintiff's complaint.

In vacating our opinion, the Supreme Court found that Title IX encompassed an implied private cause of action for retaliation, such as Plaintiff's, and held that "Title IX's private right of action encompasses suits for retaliation, because retaliation falls within the statute's prohibition of intentional discrimination on the basis of sex." Jackson, 125 S. Ct. at 1506-07.

Under the circumstances, it is necessary that the matter receive further consideration in the district court in light of the Supreme Court's decision. Accordingly, the judgment of the district court is vacated and the cause is remanded for consideration in light of the Supreme Court's opinion in <u>Jackson</u>.

**VACATED AND REMANDED.**